IN THE CIRCUIT COURT, FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

JOHN LAKE,

    Plaintiff/Petitioner,

Case No.: 08-2327-CA-B

v.

MARION COUNTY BOARD OF COUNTY
COMMISSIONERS, MARION COUNTY
FIRE-RESCUE ADMINISTRATION,

    Defendant/Respondent.

_____/

## PETITION FOR INJUNCTIVE AND DECLARATORY
## RELIEF AND COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff/Petitioner, JOHN LAKE, by and through his undersigned attorney and files this Petition for Injunctive and Declaratory Relief and Complaint for Damages. This Court has jurisdiction pursuant to Chapter 86, Florida Statutes (2004) to hear an action for declaratory relief, and this Court has equitable jurisdiction to hear an action for injunctive relief. This Court further has jurisdiction over this matter by virtue of Plaintiff's complaint for damages in excess of $15,000.00 exclusive of all attorney's fees and court costs. As grounds for the petition and complaint for damages, Plaintiff/Petitioner states:

### COUNT I

### FIREFIGHTER'S BILL OF RIGHTS

1.    Plaintiff/Petitioner, John Lake, was formerly employed by the Marion County Board of County Commissioners, Marion County Fire-Rescue Administration as a Fire


RECEIVED
MAY 19 2008
By_____

Inspector I. Plaintiff/Petitioner Lake was employed by the Defendant/Respondent for approximately 25 years.

2. Prior to April 18, 2005, Plaintiff/Petitioner was employed by Defendant/Respondent as a Division Chief. On April 18, 2005, Plaintiff/Petitioner was demoted to the position of Fire Inspector I.

3. Defendant/Respondent was at all times material to this complaint Plaintiff/Petitioner's employer within the meaning of Title VII, the ADEA and the Florida Civil Rights Act of 1992.

4. Prior to Plaintiff/Petitioner's demotion, he was notified initially on April 13, 2005, by Fire Chief McElhaney that a meeting would take place in Chief McElhaney's office on the afternoon of April 13, 2005. Plaintiff/Petitioner attended the April 13, 2005 meeting with Chief McElhaney and was provided a copy of the attached document indicating that he would be questioned pursuant to a formal investigation. (See attached Exhibit A). At the meeting with Chief McElhaney, Plaintiff/Petitioner requested additional information regarding the allegations that had been made against him. Plaintiff/Petitioner also asked Chief McElhaney to identify the complainants that had made the allegations. Chief McElhaney informed Plaintiff/Petitioner that he would not be provided with the identity of the complainants and that further information would only be discussed at the hearing scheduled for the following day, April 14, 2005, at 10:00 a.m.

5. On April 14, 2005, Plaintiff/Petitioner met with Chief McElhaney and Anita

Driscol, Human Resources Department, for the purpose of conducting a formal hearing. During the course of the formal investigative hearing, Plaintiff/Petitioner was questioned regarding a number of issues which were not set forth in the notice of formal investigation provided to Plaintiff/Petitioner on April 13, 2005. During the course of this formal investigation hearing, Chief McElhaney was reading from several written complaints that had not been provided to Plaintiff/Petitioner. Plaintiff/Petitioner also had not been provided with the identity of the individuals making said written complaints. Plaintiff/Petitioner objected at the formal investigation hearing to Defendant/Respondent's failure to provide him with notice of sufficient detail of the investigation in order to reasonably apprize him of the nature of the investigation and the failure to provide him with the names of all complainants.

6.  Shortly after the formal investigative hearing on the same day, April 14, 2005, Plaintiff/Petitioner again met with Chief McElhaney and Anita Driscol at the Human Resources Department where he was informed of his demotion. Plaintiff/Petitioner did not obtain two of the written complaints that were made against him and discussed by Chief McElhaney at the hearing until six days after the conclusion of the hearing. Plaintiff/Petitioner subsequently became aware that there were other issues that were not discussed at the hearing, but were taken into consideration by Chief McElhaney and Anita Driscol in making their determination.

7.  The Defendant/Respondent is prohibited by the Firefighters Bill of Rights, Section 112.82, Florida Statutes, (2004), from conducting an investigation of

Plaintiff/Petitioner Lake in the manner in which Chief McElhaney and Ms. Driscol conducted this investigation. Specifically, Section 112.82 prevents Defendant/Respondent from: conducting an investigation without providing Plaintiff/Petitioner Lake with written notice of sufficient detail of the investigation in order to reasonably apprize him of the nature of the investigation and conducting an investigation without informing Plaintiff/Petitioner Lake beforehand of the names of all complainants.

8. The protections contained in Section 112.82, Florida Statutes, (2004) prohibit the Defendant/Respondent from conducting a formal investigation hearing in such a way as to make it difficult if not impossible for Plaintiff/Petitioner Lake to respond to all allegations against him due to the lack of reasonable notice regarding the details of the allegations and the identity of all complainants.

9. Plaintiff/Petitioner was personally injured as a result of Defendant/Respondent's failure to comply with the Firefighters Bill of Rights in that he was hindered in preparing for his formal investigative hearing and prevented from being able to adequately respond to many of the issues. Plaintiff/Petitioner was further prevented from providing any possible reasons or motives suggesting any personal bias or interest of the complainants since he was not provided with their identities. Ultimately, Plaintiff/Petitioner was demoted from Division Chief to Fire Inspector I. (See attached Exhibit B).

10. Plaintiff/Petitioner has retained the undersigned attorney and has incurred attorneys' fees and costs and will continue to incur such fees and costs in the future.

4

11.  Section 112.83, Florida Statutes, (2004) provides that if an agency employing firefighters fails to comply with the requirements of the Firefighters Bill of Rights, a firefighter employed by such agency who is personally injured by such failure to comply may apply directly to the Circuit Court of the County wherein such employing agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of the Firefighters Bill of Rights and to complete the performance of the duties imposed thereby.

WHEREFORE, Plaintiff/Petitioner Lake respectfully requests that this Court enter a judgment adjudicating the rights and obligations of the parties; declaring the formal investigative hearing conducted on April 14, 2005 to be in violation of Florida Statutes §112.82; enjoining the Defendant/Respondent from employing Plaintiff/Petitioner in any position other than the position that he held prior to April 18, 2005; requiring Defendant/Respondent to reinstate Plaintiff/Petitioner to the position of Division Chief with back pay, interest and benefits that he held prior to Defendant/Respondent's violation of the Firefighters Bill of Rights; enjoining Defendant/Respondent from retaliation in violation of Florida Statutes §112.82; requiring Defendant/Respondent to remove any negative information from Defendant/Respondent's files determined to be retaliatory; and awarding attorney's fees as allowed by law, and such other and further relief as the Court may deem appropriate.

## COUNT II

### FIREFIGHTER'S BILL OF RIGHTS RETALIATION

12. Plaintiff/Petitioner hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 11.

13. This is an action for injunctive relief and for damages in excess of $15,000.00 exclusive of costs, interest and attorney's fees.

14. Plaintiff/Petitioner initially filed this Petition for Injunctive and Declaratory Relief in November 2005. Subsequent to Plaintiff/Petitioner's complaints regarding Defendant/Respondent's violation of the Firefighter's Bill of Rights and subsequent to the initial filing of the action alleged in Count I, *supra*, Defendant/Respondent engaged in retaliatory action against Plaintiff/Petitioner due to Plaintiff/Petitioner's assertion of his rights pursuant to the Firefighter's Bill of Rights. For example, on or about December 12, 2005, Defendant/Respondent fabricated allegations against Plaintiff/Petitioner in an effort to wrongfully terminate Plaintiff/Petitioner's employment. As a result of these false allegations, Plaintiff/Petitioner was suspended from his position on December 27, 2005 pending the pre-termination conference. In addition, on March 24, 2006, Defendant/Respondent called a meeting with Plaintiff/Petitioner to counsel him for alleged conduct that did not in fact occur. On March 16, 2007, Plaintiff/Petitioner was informed that he would not be paid for travel time and overtime similar to the procedure for payment followed in the past. On April 4, 2007, Plaintiff/Petitioner was informed that he was no

longer going to receive firefighter's supplemental compensation even though his job description has not changed for almost two years. On June 25, 2007, Plaintiff/Petitioner's employment was terminated in whole or in part in retaliation for asserting his rights under the Firefighter's Bill of Rights.

15. Section 112.82, Florida Statutes (2004) provides that no firefighter shall be discharged or disciplined or threatened with same as retaliation for his exercise of rights granted by the Firefighter Bill of Rights.

16. Plaintiff/Petitioner has suffered damages as a result of Defendant/Respondents above described retaliation including, but not limited to, lost wages and benefits, other economic losses, lost earning capacity, damages for emotional distress and loss of enjoyment of life.

WHEREFORE, Plaintiff/Petitioner Lake respectfully requests that this Court enter a judgment adjudicating the rights and obligations of the parties; declaring the formal investigative hearing conducted on April 14, 2005 to be in violation of Florida Statutes §112.82; enjoining the Defendant/Respondent from employing Plaintiff/Petitioner in any position other than the position that he held prior to April 18, 2005; requiring Defendant/Respondent to reinstate Plaintiff/Petitioner to the position of Division Chief with back pay, interest and benefits that he held prior to Defendant/Respondent's violation of the Firefighters Bill of Rights; enjoining Defendant/Respondent from retaliation in violation of Florida Statutes §112.82; requiring Defendant/Respondent to remove any negative

information from Defendant/Respondent's files determined to be retaliatory; and awarding Plaintiff/Petitioner damages for emotional distress, lost wages, and benefits, loss of enjoyment of life, loss of earning capacity, costs, attorney's fees as allowed by law, and such other and further relief as the Court may deem appropriate.

## COUNT III

### AGE DISCRIMINATION

17. Plaintiff/Petitioner hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 3. This count of the complaint alleges age discrimination and retaliation in violation of the ADEA and the Florida Civil Rights Act of 1992.

18. On or about April 19, 2006, Plaintiff/Petitioner provided a written complaint to Mr. Drew Adams, Human Resources Director, alleging discrimination and harassment against him by Defendant/Respondent. No investigation was conducted and no prompt remedial action was taken by Defendant/Respondent.

19. Following Plaintiff/Petitioner's complaint, he was continuously harassed and retaliated against by Defendant/Respondent. The harassment began in or about May 2006, and continued through the end of Plaintiff/Petitioner's employment. The harassment and retaliation has included assignments requiring Plaintiff/Petitioner to perform more difficult tasks and more work than that assigned to other employees, assignment to tasks specifically for the purpose of attempting to find fault with his work, denial of training, being subjected

to closer scrutiny regarding his work performance, unjustified criticism of his performance, unjustified attempts to terminate his employment, and the unequal application of disciplinary rules and policies.

20. Plaintiff/Petitioner was terminated from his employment on June 25, 2007 in retaliation for complaining of discrimination and filing a charge of discrimination with the EEOC and Florida Commission on Human Relations and on the basis of age in violation of the Age Discrimination in Employment Act of 1967 and The Florida Civil Rights Act of 1992.

21. All conditions preceding to bringing a civil action under The Florida Civil Rights Act of 1992 and the Age Discrimination in Employment Act have occurred or been complied with, to wit: a charge of discrimination was filed with the EEOC and the Florida Human Relations Commission within 300 days of the commission of the unlawful employment practice and this claim has further been filed within 90 days of the receipt of the right to sue notice and within four years of the discriminatory acts. All conditions precedent have been complied with and this lawsuit is timely filed.

22. Defendant/Respondent's course of conduct described above was intentional, willful, malicious and with a reckless disregard for Plaintiff/Petitioner's rights under state law and federal law.

23. As a direct and proximate result of said acts, Plaintiff/Petitioner has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits, loss of earning capacity and has suffered and continues to suffer mental anguish, distress, emotional pain, suffering, humiliation, great expense, inconvenience, embarrassment, damage to his reputation, loss of enjoyment of life and other nonpecuniary losses.

24. Plaintiff/Petitioner has retained the undersigned attorney and has incurred attorneys' fees and costs and will continue to incur such fees and costs in the future.

WHEREFORE, Plaintiff/Petitioner demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, medical expenses, liquidated damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff/Petitioner may be entitled.

## COUNT IV

### GENDER DISCRIMINATION

25. Plaintiff/Petitioner hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 3, 18, 19 and 24. This count alleges gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.

26. All conditions preceding to bringing a civil action under The Florida Civil Rights Act of 1992 and Title VII of the Civil Rights Act of 1964 have occurred or been

complied with, to wit: a charge of discrimination was filed with the Florida Human Relations Commission and the EEOC within 300 days of the commission of the unlawful employment practice and this claim has further been filed within 90 days of Plaintiff/Petitioner's receipt of the right to sue notice and four years of the discriminatory acts. All conditions precedent have been complied with and this lawsuit is timely filed.

27. Plaintiff/Petitioner was terminated on June 25, 2007. Plaintiff/Petitioner's gender was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's charge of discrimination with the EEOC and FCHR. Plaintiff/Petitioner's complaints of discrimination and his opposition to practices made unlawful by the discrimination laws was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's EEOC charge. Further Plaintiff/Petitioner's participation in the EEOC process by filing a complaint of discrimination against Defendant/Respondent with the EEOC was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's EEOC charge.

28. Defendant/Respondent's course of conduct described above was intentional, willful, malicious and with a reckless disregard for Plaintiff/Petitioner's rights under state

law and federal law.

29. As a direct and proximate result of said acts, Plaintiff/Petitioner has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, loss of earning capacity and has suffered and continues to suffer mental anguish, distress, emotional pain, suffering, humiliation, great expense, inconvenience, embarrassment, damage to his reputation, loss of enjoyment of life and other nonpecuniary losses.

WHEREFORE, Plaintiff/Petitioner demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, medical expenses, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff/Petitioner may be entitled.

## COUNT V

### RACE DISCRIMINATION

30. Plaintiff/Petitioner hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 3, 18, 19 and 24. This count alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.

31. All conditions preceding to bringing a civil action under The Florida Civil

Rights Act of 1992 and Title VII of the Civil Rights Act of 1964 have occurred or been complied with, to wit: a charge of discrimination was filed with the Florida Human Relations Commission and the EEOC within 300 days of the commission of the unlawful employment practice and this claim has further been filed within 90 days of Plaintiff/Petitioner's receipt of the right to sue notice and four years of the discriminatory acts. All conditions precedent have been complied with and this lawsuit is timely filed.

32. Plaintiff/Petitioner was terminated on June 25, 2007. Plaintiff/Petitioner's race was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's charge of discrimination with the EEOC and FCHR. Plaintiff/Petitioner's complaints of discrimination and his opposition to practices made unlawful by the discrimination laws was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's EEOC charge. Further Plaintiff/Petitioner's participation in the EEOC process by filing a complaint of discrimination against Defendant/Respondent with the EEOC was a motivating factor in Defendant/Respondent's decision to terminate Plaintiff/Petitioner and was a motivating factor with regard to the acts of harassment and retaliation occurring subsequent to the filing of Plaintiff/Petitioner's EEOC charge.

33. Defendant/Respondent's course of conduct described above was intentional,

willful, malicious and with a reckless disregard for Plaintiff/Petitioner's rights under state law and federal law.

34.     As a direct and proximate result of said acts, Plaintiff/Petitioner has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, loss of earning capacity and has suffered and continues to suffer mental anguish, distress, emotional pain, suffering, humiliation, great expense, inconvenience, embarrassment, damage to his reputation, loss of enjoyment of life and other nonpecuniary losses.

WHEREFORE, Plaintiff/Petitioner demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, medical expenses, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff/Petitioner may be entitled.

## COUNT VI

### EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT - 42 U.S.C. SECTION 1983

35.     Plaintiff/Petitioner hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 3, 18, 19, 22 through 29, 32 and 34, *supra*.

36.     This count is brought against Defendant/Respondent pursuant to 42 U.S.C. §1983.

37. Defendant/Respondent's conduct described above was undertaken under color of state law and operated to deny Plaintiff/Petitioner his right to equal protection of the laws as secured by the Fourteenth Amendment to United States Constitution.

38. This discrimination and retaliation directed toward Plaintiff/Petitioner based upon his race and/or sex caused, continues to cause, and will cause Plaintiff/Petitioner to suffer substantial damages.

WHEREFORE, Plaintiff/Petitioner demands a trial by jury on issues so triable, and relief in the form of economic damages, compensatory and emotional distress damages, prejudgment interest, attorney's fees and costs with interest thereon, equitable relief, and any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury to hear and decide all issues of fact.

Respectfully submitted,

THOMAS & KLINK
Suite 255, Quadrant I
4651 Salisbury Road
Jacksonville, Florida 32256
(904) 296-2318 (Telephone)
(904) 296-2341 (Facsimile)

_____
Archibald J. Thomas, III
Florida Bar. No. 231657
Attorneys for Plaintiff/Petitioner

# EXHIBIT A



# Marion County Board of County Commissioners
Marion County Fire-Rescue
3230 SE Maricamp Road
Ocala, FL  34471
Phone:  (352) 694-6667    Fax:  (352) 694-5981

TO:      JOHN LAKE, DIVISION CHIEF
FROM:    M. STUART MCELHANEY, FIRE CHIEF MSM
DATE:    APRIL 13, 2005

**SUBJECT: QUESTIONING PURSUANT TO FORMAL INVESTIGATION**

This letter is to inform you of a formal investigation into certain complaints made against you which raise serious concern about your ability to perform your required duties as a division chief. Due to the seriousness and extensive nature of these complaints to date, severe disciplinary consequences may result. Therefore, I have scheduled a formal investigative hearing with you for April 14, 2005 at 1000 hours in the upstairs conference room. Anita Driscoll and I will serve as hearing officers.

Generally, Section 10.07-Disciplinary Violations, Items 1, 2f, 2h, 2i, 2q, 2t and 2z of the employee handbook are referenced as items at issue. Specifically, areas that you will need to address are: events leading to and including your interaction with PIO Heather Danenhower and Deputy Chief Cooper on March 29 regarding a smoke detector public education program; a heated argument that occurred either Tuesday or Wednesday last week between Angie Sweeny and a customer in the lobby which was witnessed by you; repeated incidents of customer service complaints against Angie Sweeny that have not been addressed; accountability of staff time for Angie Sweeny on numerous occasions; inappropriate conversation between yourself and a staff assistant concerning personnel matters; inappropriate behavior of a staff assistant who reports directly to you; your recommendation to hire an employee with a questionable background check and his subsequent misuse of a county vehicle; a lack of communication with and between members of your staff and a general environment of mistrust amongst your staff.

Following our meeting, I will render a decision or seek additional information prior to making a decision and recommendation to Human Resources. I will keep you informed of my recommendation.

c: Drew Adams, Human Resource Director

# EXHIBIT B

your continued employment with Marion County. Since this was a major decision, I offered you the remainder of the afternoon and Friday as Administrative Leave so that you could think things over. You were to report to Anita Driscoll at 0800 hours on April 18, 2005 with a decision.

YOUR DECISION
You met with Anita and me this morning and stated that you would accept the position of Fire Protection Specialist and do whatever you needed to do. I stated to you that this was a non-uniformed position that was, as yet, unapproved by the county commission and that I planned on requesting this position at the next BCC meeting. As this position is not currently an adopted position, I am reclassifying you to the open Fire Inspector I position effective April 18, 2005. At such time as the Fire Protection Specialist is adopted, you will then be reclassified to that position with no change in pay status. I told you that you would not have a take-home vehicle and needed to turn over your vehicle to acting Division Chief Nevels. In addition, you need to turn in any equipment and uniforms you may have related to your former position.

You also asked about Special Risk retirement and were informed that my intention was to maintain that status assuming the Fire Protection Specialist job description (which includes arson investigation) entitles you to it. My intention is to request that the State of Florida FRS review and classify the new position as special risk. This position will require fire prevention and arson investigation duties. You requested a copy of the hearing tapes and any paperwork related to the investigation and were told by Anita that she would supply those to you.

SUMMARY
With this disciplinary action you will be placed on six months probation and your supervisor will work with you to develop a Performance Improvement Plan and monitor your progress in achieving improvement goals. My expectation is that, pending approval of the BCC, you will officially assume the duties of Fire Protection Specialist and work to develop and improve upon both your personal approach to customer service as well as help to improve that of the Community Services Division as a whole. I also expect that you will work closely with your supervisor to keep him informed of code issues and anything else that may affect the division and the reputation of this department in the community. Further, I also expect that you will strive very hard to improve the teamwork within the division and with other members of MCFR.

Should you have any questions, please feel free to contact either myself or Anita Driscoll.

c: Drew Adams, Human Resource Director