UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:08-CV-213-OC-10GRJ

JOHN LAKE,

    Plaintiff,

vs.

MARION COUNTY BOARD OF COUNTY
COMMISSIONERS, MARION COUNTY
FIRE-RESCUE ADMINISTRATION,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND COMPLAINT FOR DAMAGES

The Defendants, MARION COUNTY BOARD OF COUNTY COMMISSIONERS, and MARION COUNTY FIRE-RESCUE ADMINISTRATION, by and through their undersigned counsel, hereby serves this Answer and Affirmative Defenses to Petition for Injunctive and Declaratory Relief and Complaint for Damages herein, and states as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted as to Defendant Marion County Board of County Commissioners.  Otherwise, denied.

    4.    Admitted that on April 13, 2005, the Petitioner was notified of an investigation and provided written notification of

same.  Otherwise, denied.

    5.  Admitted that a hearing was held on April 14, 2005, during which the Petitioner was questioned.  Otherwise, denied.

    6.  Admitted that the Petitioner was notified of his demotion.  Otherwise, denied.

    7.  Denied.

    8.  Denied.

    9.  Denied.

    10.  Without knowledge, therefore denied.

    11.  Admitted.

    12.  The Defendants hereby restate and incorporate their responses set forth in paragraphs 1-11 above.

    13.  Admitted that this is an action for injunctive relief, denied that this is an action for damages interest, and attorney's fees.

    14.  Admitted that the Plaintiff initially filed his initial Petition for Injunction and Declaratory Relief in November of 2005.  Otherwise, denied.

    15.  Admitted.

    16.  Denied.

    17.  The Defendants restate and incorporate their responses set forth in paragraphs 1-3 above.

    18.  Denied.

    19.  Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Without knowledge, therefore denied.

25. The Defendants restate and incorporate their responses set forth in paragraphs 1-3, 18-24 above.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The Defendants restate and incorporate their responses set forth in paragraphs 1-3, 18-24 above.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. The Defendants restate and incorporate their responses set forth in paragraphs 1-3, 18-24, 22-29, 32 and 34 above.

36. Denied.

37. Denied.

38. The Petitioner was not employed as a firefighter as defined by the "Firefighter's Bill of Rights" and therefore was not entitled to notice and hearing.

39. The Petitioner was not employed as a Firefighter as defined by the "Firefighter's Bill of Rights" therefore, he was not exercising any rights granted or protected by this Statute and, thus, could not have been subjected to retaliation.

40. The Petitioner has waived any rights he may have to protection under the "Firefighter's Bill of Rights" as a result of his failure to exercise his available remedies provided by the County by its grievance procedures.

41. The Petitioner was provided proper notice and hearing under the "Firefighter's Bill of Rights."

42. Marion County Fire-Rescue Administration is not an entity subject to suit and, thus, should be dismissed from this action.

43. The "Firefighter's Bill if Rights" allows for injunctive relief only. The remedies of reinstatement, back pay, and compensatory damages are not available. Thus, the Petitioner's claim for reinstatement and back pay should be dismissed.

44. The "Firefighter's Bill of Rights" does not provide for the award of attorney's fees. Thus, the Petitioner's request for same should be dismissed.

45. Defendants affirmatively allege that the Plaintiff has failed to mitigate his damages as required by the applicable law.

46. Defendants affirmatively allege that any violation of any state protected or federally protected rights of the Plaintiff was not done pursuant to any custom or policy of the Defendants.

47. Defendants affirmatively allege that any violation of any state or federal protected rights of the Plaintiff was not done under color of state law.

48. Defendants affirmatively allege that no state or federal protected rights of the Plaintiff have been infringed or violated.

49. Defendants affirmatively allege that any acts of the Defendant were conducted in good faith, in the actual and reasonable belief that any such actions were legal and proper under the circumstances.

50. Defendants affirmatively allege that the claims of the Plaintiff are not actionable under Title 42, §1983 of the United States Code.

51. Defendants affirmatively allege that the Plaintiff has failed to comply with the filing and time requirements of Title VII, 42 U.S.C. §2000e, et seq. Plaintiff's action is barred as a result of the Plaintiff's failure to comply with the EEOC and time requirements of 42 U.S.C. §2000e.

52. Defendants affirmatively allege that they exercised reasonable care to prevent and correct any discriminatory or retaliatory conduct.

53. Defendants affirmatively allege that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendants.

I HEREBY CERTIFY that on the 6th day of June, 2008, I

electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing and Notice of Electronic Filing has been furnished by U.S. Mail to: ARCHIBALD J. THOMAS, III, Suite 1640 Riverplace Tower, 1301 Riverplace Blvd., Jacksonville, Florida 32207.

    /s/ Michael H. Bowling
MICHAEL H. BOWLING, ESQ.   #0333026
Bell, Roper & Kohlmyer, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Phone: 407-897-5150
Phone: 407-897-6947
Attorneys for Defendant