## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOHN LAKE,

                                   Case No.: 5:08-CV-213-OC-10GRJ

         Plaintiff,

v.

MARION COUNTY BOARD OF COUNTY
COMMISSIONERS, MARION COUNTY
FIRE-RESCUE ADMINISTRATION,

         Defendant.

_____/

## JOINT PRETRIAL STATEMENT

Plaintiff, JOHN LAKE, and Defendant, MARION COUNTY BOARD OF COUNTY

COMMISSIONERS, MARION COUNTY FIRE-RESCUE ADMINISTRATION, pursuant

to this Court's Case Management and Scheduling Order and Local Rule of the Middle

District 3.06(c), submit this Joint Pretrial Statement as follows:

## I.    BASIS OF FEDERAL JURISDICTION

This Court has subject matter jurisdiction based on 28 U.S.C. §1331, 1343(a)(3) and

(4), pursuant to The Age Discrimination in Employment Act, 29 U.S.C. §626(c).  The Court

has supplemental jurisdiction over Plaintiff's state law claims under the Florida Civil Rights

Act  of 1992, Fla. Stat. §760 *et seq*. and the Firefighter's Bill of Rights, Fla. Stat. §112.82.

See 28 U.S.C. §1367.

## II.    CONCISE STATEMENT OF THE NATURE OF THE ACTION

Plaintiff has brought this action pursuant to the Firefighter's Bill of Rights seeking

a declaratory judgment and injunctive relief for violation of the Firefighter's Bill of Rights and for retaliation for the exercise of his rights guaranteed by the Firefighter's Bill of Rights. Plaintiff has further alleged that defendant discriminated and retaliated against him on the basis of his age in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act of 1992.

## III.    BRIEF, GENERAL STATEMENT OF EACH PARTY'S CASE
## PLAINTIFF'S STATEMENT OF THE CASE

Plaintiff claims that he was interrogated in violation of the Firefighter's Bill of Rights when defendant, in April, 2005, failed to provide Plaintiff with written notice of defendant's investigation in sufficient detail in order to reasonably apprise Plaintiff of the nature of the investigation  and failed to inform Plaintiff beforehand of the names of all complainants. Plaintiff further contends that Defendant retaliated against him for asserting his rights under the Firefighter's Bill of Rights and for complaining about the Defendant's violation thereof. Plaintiff was demoted as a result of the investigation from the position of Division Chief to Fire Inspector I.  Plaintiff contends that retaliation against him took the form of harassment, suspension from employment, and an unsuccessful attempt to terminate his employment, and ultimately the termination of Plaintiff's employment on June 29, 2007.

Plaintiff further claims that he was harassed and subjected to unequal terms and conditions of employment beginning in May, 2006 and that he was terminated on June 29, 2007 due to his age and due to his complaints of discrimination and harassment and his charge of discrimination filed with the Equal Employment Opportunity Commission.

2

**DEFENDANT'S STATEMENT OF THE CASE**

The Defendant interviewed the Plaintiff in April of 2005 and demoted him thereafter from Division Chief to Fire Inspector I. The Plaintiff, as a Division Chief was not a firefighter subject to the protection of the Firefighter's Bill of Rights. Further, even if the Plaintiff was considered a "firefighter," he was provided with notice and disclosure sufficient to satisfy the requirements of the Firefighter's Bill of Rights. Finally, the Plaintiff was not subject to any retaliatory actions by the Defendant as a result of his complaints regarding the Firefighter's Bill of Rights.

With respect to his age discrimination claim, the only adverse employment action subject thereto was his termination. In that regard, the Plaintiff termination was due to job elimination and other non-discriminatory reasons. Plaintiff's termination was in no way related to his age, nor was it due to any complaints of age discrimination to he may have made.

**IV.    LIST OF ALL EXHIBITS AND RULE 5.04 EXHIBIT SUBSTITUTES TO BE OFFERED AT TRIAL WITH NOTATION OF ALL OBJECTIONS THERETO**

**PLAINTIFF'S EXHIBITS**

1.    Job Description for Division Chief.

2.    Memo re: demotion dated 04/18/05.

3.    Memo re: Questioning Pursuant to Formal Investigation dated 04/13/05.

4.    Notes dated 04/14/05.

5.    Notes dated 04/12/05.

6.      Tape Recorded Proceedings of 04/14/05.

7.      Organization Chart dated 11/01/04.

8.      Defendant's written Personnel Policies and Procedures.

9.      Danenhower Statement dated 04/11/05.

10.     Martin Statement dated 04/11/05.

11.     Cooper memo dated 04/08/05.

12.     E-mails from Plaintiff to McCranie, *et al*. dated 04/13/05.

13.     Undated, unsigned, typewritten notes regarding Sweeney, McCann and Lake.

14.     Plaintiff's March 2005 Performance Evaluation

15.     D. Ebben statement dated 04/11/05.

16.     Plaintiff's personnel file.

17.     Memo to Plaintiff from McElhaney dated 01/28/05.

18.     Plaintiff's Performance Appraisal issued 09/07/05.

19.     Plaintiff's letter of reprimand dated 01/10/06.

20.     E-mail from McElhaney to staff dated 01/12/06.

21.     Letter to Plaintiff from Drew Adams dated 01/04/06.

22.     Memo from McElhaney to Drew Adams dated 12/12/05.

23.     Memo from Nevels to McElhaney dated 12/13/05.

24.     Performance Improvement Plan dated 05/12/05.

25.     E-mails from Sweeney to Ackers and Pasqualone of 04/13 and 04/16.

4

26.     Typewritten notes of Paul Nevels dated 03/24/06.

27.     Memo to Drew Adams from Plaintiff dated 04/19/06.

28.     Tape recording hearing of Administrative Hearing conducted on 01/04/05.

29      Memo to Plaintiff from Nevels dated 05/12/05.

30.     Employee Acknowledgment Form dated 05/18/05.

31.     Memo to Nevels from Plaintiff dated 11/22/05.

32.     Letter to Drew Adams from Plaintiff dated 12/27/05.

33.     Letter from Drew Adams to Plaintiff dated 12/27/05.

34.     Second letter from Drew Adams to Plaintiff dated 12/27/05.

35.     E-mail from Sweeney to Nevels dated 10/28/05.

36.     Marion County Building Department Daily Inspection Sheet dated 08/31/05.

37.     Marion County Fire-Rescue Prevention Division violation citation dated 10/27/05.

38.     CD plus report printed on 10/16/03.

39.     Fire Safety Inspection Reports dated 09/01, 09/08, and 09/30/98.

40.     Letter from Plaintiff to Diane Taylor dated 10/06/98.

41.     Marion County Fire-Rescue Violation Report dated 03/17/98.

42.     Fire Safety Inspection Report dated 11/25/96.

43.     E-mails from Plaintiff to Nevels and Nevels to Plaintiff re:  vacation requests in 11/05
        and 06/05.

44.     Typewritten file notes prepared by Paul Nevels beginning on 04/18/05 through

5

11/24/05.

45.    Typewritten notes re: events occurring from 09/05 through 10/28/05.

46.    Memo to Nevels from Lake dated 11/22/05.

47.    Certificate of compliance from the State of Florida showing Plaintiff is certified as a firefighter.

48.    Records of required firefighter physicals performed by the County.

49.    Memos relating to policies for firefighters relating to physicals.

50.    Activity reports from the CD Plus records management system showing Plaintiff performed plans review and inspections.

51.    Activity reports from the firehouse records management system showing Plaintiff's response to fires and his inspections of plans reviews.

52.    Inventory records showing that Plaintiff was issued firefighting gear and breathing apparatus.

53.    Records showing the assignment of breathing apparatus and the annual testing records.

54.    Records of Plaintiff's physical agility test.

55.    Records showing that Plaintiff was dispatched to fires.

56.    Records from the Florida Department of Financial Services (State Fire Marshal).

57.    Request from Marion County removing Plaintiff from the Supplemental Compensation program.

58.    Request that Plaintiff receive supplemental compensation showing when Marion County requested it.

59.    Notices of employment and termination filed with the Florida State Fire College.

60.    Correspondence between Marion County and the Florida State Fire College relating to the employment actions by Marion County re: Plaintiff's supplemental compensation.

61.    Plaintiff's W2 forms from 2004 through 2007.

62.    E-mails between D. Casey , S. McElhaney and D. Cooper dated April 9, 2007.

63.    Letter to D. Adams from Plaintiff dated May 25, 2007.

64.    Letter to D. Adams from Plaintiff dated April 24, 2007.

65.    Status change form dated 2/23/07.

66.    Status change form dated April 18, 05.

67.    Budget amendment request form dated 2/17/07.

68.    Letter from D. Adams to Plaintiff dated 12/1/06.

69.    Memo to D. Rogers from P. Nevels dated 12/23/05.

70.    Letter from D. Adams to Plaintiff dated May 18, 07.

71.    E-mails between Nevels, McElhaney and Sweeney, re: storage tank program dated 6/14/06.

72.    E-mails between D. Adams, S. McElhaney, A. Driscoll and P. Nevels dated 8/12/05.

73.    Status change form dated 3/26/07.

7

74.    E-mail from McElhaney to Nevels and Nevels to McElhaney dated 1/6/06.

75.    E-mail from Nevels to Sweeney dated 9/30/05.

76.    E-mail from McCranie to Nevels dated 12/15/05.

77.    E-mail from Nevels to Sweeney and McCranie dated 1/10/06.

78.    E-mail from Nevels to Sweeney dated 9/22/05.

79.    E-mail from Nevels to Sweeney dated 9/30/05.

80.    Memo from Plaintiff to Nevels dated 10/27/05.

81.    Medical records from Associates for Evaluation and Therapy of Central Florida, re: Plaintiff.

82.    E-mail from McElhaney to Adams dated 5/17/07.

83.    Letter to Plaintiff from D. Adams dated 12/1/06, re: benefits profile statement.

84.    All documents listed by Defendant.

85.    All depositions taken in this matter.

## EXHIBIT LIST

___ Government    ___ Plaintiff    _X_ Defendant

| Exhibit Number | Date Identified | Date Admitted | Witness | Objections | Description |
|---|---|---|---|---|---|
| 1 | | | | | Plaintiff's personnel file |
| 2 | | | | | Marion County Employee Handbook |

8

| | | | | | |
|---|---|---|---|---|---|
| 3 | | | | | Marion County Fire-Rescue Organizational Chart |
| 4 | | | | | Marion County Firefighter Job description |
| 5 | | | | | Marion County  Division Chief Job description |
| 6 | | | | | Marion County  Fire Inspector Job description |
| 7 | | | | | Plaintiff's 2005 Performance Evaluation |
| 8 | | | | | April 13, 2005, Memorandum regarding questioning pursuant to Formal Examination |
| 9 | | | | | April 18, 2005, Memorandum regarding Disciplinary Actions |
| | | | | | |
| 11 | | | | | January 10, 2006, letter of reprimand |
| 12 | | | | | April 19, 2006, Plaintiff's Memorandum to Drew Adams |

9

| | | | | | |
|---|---|---|---|---|---|
| | | | | | regarding Recent Counseling, Continual Harassment and Retaliation |
| 13 | | | | | April 13, 2007, Marion County Board of County Commissioners Workshop, Book J, pp 241-252 |
| 14 | | | | | April 24, 2007, Correspondence from John Lake to Drew Adams |
| 15 | | | | | Plaintiff's April 26, 2007, EEOC/FCHR Charge of Discrimination |
| 16 | | | | | May 18, 2007, Formal Notice of Separation letter to John Lake |
| 17 | | | | | Plaintiff's July 11, 2007, EEOC/FCHR Amended Charge of Discrimination |
| 18 | | | | | Plaintiff's November 9, 2005, Petition for Injunctive and Declaratory Relief |
| 19 | | | | | Plaintiff's July 18, 2006, Amended Petition for Injunctive and Declaratory Relief |
| 20 | | | | | Affidavit of Anita Driscoll dated June 1, 2009 |
| 21 | | | | | Marion County Resource Master |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | printout of Patricia McCranie |
| 22 | | | | | Plaintiff's personnel file from the City of Gainesville |
| 23 | | | | | April 13, 2007, letter from Michael Ashey of DEP regarding agreement reached on April 10, 2007 |
| 24 | | | | | December 14, 2006, E-mail from S. McElhaney to B. LeRoux regarding assignment of Inspectors to Storage Tank Program |
| 25 | | | | | June 9, 2006, Corrective Action Plan from P. Nevels to C. Johnson of the DEP |
| 26 | | | | | February 23, 2007, Marion County Transmittal form |
| 27 | | | | | July 2, 2007, FCHR Technical Assistance Questionnaire |
| 28 | | | | | September 16, 2008, Plaintiff's Answers to Defendant's Interrogatories |
| 30 | | | | | Any and all exhibits identified by Plaintiff to which the Defendant does not interpose any objection |

| 31 | | | | | Any and all exhibits discovered hereafter |
| 32 | | | | | Any and all rebuttal exhibits |

Any and all documents listed by the Plaintiff.  The Defendant reserves the right to use documents not listed for impeachment purposes should the need arise.

## V.     LIST OF ALL WITNESSES WHO MAY BE CALLED AT TRIAL

**PLAINTIFF'S WITNESSES**

1.     John Lake

2.     Anita Driscoll

3.     Stuart McElhaney

4.     Patrick Howard

5.     Drew Adams

6.     Randy Harris

7.     Paul Nevels

8.     Mary Martin

9.     Angela Kinsler

10.    Richard Maxwell

11.    Dan Currington

12.    Rodney Mascho

13.    Denise DelVisco

14.    Tony Bewley

15.    Chuck Stegall

16.    Kris Cole

17.    Robert Ramage

18.    Jamie Banta

19.    Robert Graff

20.    Clifford Grier

21.    Sharon Cronmiller

22.    Don Blackburn

23.    Terry Johnson

24.    Chuck Akers

25.    Jon Pasqualone

26.    Dudley Yates

27.    David King

28.    Bob Brewster

29.    Angela Sweeney

30.    Kenneth McCann

31.    Chuck Akers

32.    Robin Robarge

33.    Dennis Cronmiller

34.    Joe Amaglorie

35.    David Casey

36.    Bart Walker

37.    Rick Spell

38.    Mounir Bouyounes

39.    Todd Clifford

40.    Danny Clifford

41.    Angela Tutino

42.    Steve Johnson

43.    Mike Norcross

44.    Misty Rinaudo

45.    Joe Rinado

46.    Shawn Beam

47.    Robbie Burnett

48.    Pam Driggers

49.    Rose Teetsell

50.    Dr. Martin R. Goldinher

51.    Mrs. John Lake

52.    Mark Webber

53.     All witnesses listed by Defendant

**DEFENDANT'S WITNESS LIST**

1.      *Fire Chief Stuart McElhaney, c/o counsel for Defendant;

2.      Division Chief Paul Nevels, c/o counsel for Defendant;

3.      Anita Driscoll, Human Resource Manager, c/o counsel for Defendant;

4.      Supervisor Angie Sweeney, c/o counsel for Defendant;

5.      Division Chief Dave Cooper, c/o counsel for Defendant;

6.      Fire Inspector Pat McCranie, c/o counsel for Defendant;

7.      *Drew Adams, Director of Human Resources, c/o counsel for Defendant;

8.      Ken McCann, c/o counsel for Defendant;

9.      Angela Kinsler, c/o counsel for Defendant;

10.     Mark Webber, c/o counsel for Defendant;

11.     Pat Howard, 3020 SE 22nd Avenue, Ocala, Florida 34471;

12.     Brett Leroux, Department of Environmental Protection;

13.     Marion County Commissioner Charlie Stone, c/o counsel for Defendant;

14.     Records Custodian for Marion County;

15.     Records Custodian for City of Gainesville;

16.     Any and all witnesses discovered hereafter;

17.     Any and all witnesses listed by the Plaintiff to which the Defendant does not

interpose an objection;

18.    Any and all rebuttal witnesses.

* Witnesses who will be called by Defendant.

## VI.    LIST OF ALL EXPERT WITNESSES INCLUDING, AS TO EACH SUCH WITNESS, A STATEMENT OF THE SUBJECT MATTER AND A SUMMARY OF THE SUBSTANCE OF HIS/HER TESTIMONY

None.

## VII.    IN CASES IN WHICH ANY PARTY CLAIMS MONEY DAMAGES, A STATEMENT OF THE ELEMENTS OF EACH SUCH CLAIM AND THE AMOUNT BEING SOUGHT WITH RESPECT TO EACH SUCH ELEMENT

### PLAINTIFF'S CLAIMS FOR DAMAGES

Plaintiff will seek damages for lost wages at the rate of $65,910.00 per year since his demotion.  Plaintiff will also seek recovery for the value of lost employment benefits including losses in retirement benefits.

Plaintiff will also seek attorneys' fees, costs, and prejudgment interest. Plaintiff's best estimate of his wage and benefit loss is as follows:

(A)    Investigator pay, vehicle usage, 6% salary reduction after demotion on 4/18/2005 resulted in decrease in pay from $65,910.00 per year to $61,955 per year beginning on 4/18/05.  Plaintiff is also seeking other economic losses including raises and cost of living, on call pay, reduction in high risk pay, losses due to additional commuting distance to new job, loss of use of vehicle, earnings from deferred compensation

16

interest, earnings from decreased retirement payments and earnings from DROP program.

(B)   Salary based on computer printout from finance dept.     $69,800.12

Benefits based on Drew Adams' letter     $17,803.93

Adjustment of retirement contribution     $ 6,915.90

Investigator pay     $ 4, 400.00

Total     $98,919.95

X 5 years =

$494,599.75

Plaintiff's on-call pay was $168.52 per pay period. The total estimated loss of on call pay through 2011 is $28,311. The total estimated loss of his reduction in high risk pay through 2011 is $43,820. Plaintiff's losses due to his loss of the use of a vehicle from 2005 through 2011 are estimated at 6760 miles per year @ $.44/miles or $20,820. Plaintiff further estimates that his salary would have increased at the rate of approximately $10,000 per year. Through 2011 accounting for a 3% COLA increase, this would be approximately $66,977.

The above amount will be subject to reduction based on interim earnings established by defendant at trail as an offset to Plaintiff's wage and benefit losses. Plaintiff retirement benefit losses under the Florida Retirement System are as follows:

Original estimate from Florida Retirement System (FRS)

retiring at 25.75 years 6/30/05 per month $4,390.87

Estimate provided by FRS 6/4/07 per month <u>$3,127.39</u>

Difference $1,263.48

X 20 years =

$303,235.20

Plaintiff's estimate of his lost investment income is as follows:

Loss of investment income @ 351.35 per quarter X 20 years   $28,108.00

Plaintiffs estimate regarding the loss of retirement benefits due to his inability to

participate in the Florida State Retirement System DROP program are as follows:

Drop funds based on 5 years in program <u>$297,624.00</u>

Total $1,255,386.90

Plaintiff will also seek liquidated damages in an amount equivalent to his back pay

for any back pay award attributable to his claim of age discrimination under federal law.

Plaintiff will seek non-pecuniary compensatory damages in an unliquidated amount to be

ultimately determined by the jury regarding Plaintiff's claim of age discrimination under

Florida law. Plaintiff will seek injunctive relief, as outlined in the complaint for violation

of the Firefighter's Bill of Rights including reinstatement with back pay retroactive to

Plaintiff's demotion on April 18, 2005. Plaintiff is further seeking compensatory damages

for emotional distress regarding his retaliation claim under the FFBR.

18

**DEFENDANT'S CLAIMS FOR DAMAGES**

None, though the Defendant will seek an award of costs in the event it is found to be

a prevailing party.

**VIII.  LIST OF ALL DEPOSITIONS TO BE OFFERED IN EVIDENCE AT TRIAL (AS DISTINGUISHED FROM POSSIBLE USE FOR IMPEACHMENT), INCLUDING A DESIGNATION OF THE PAGES AND LINES TO BE OFFERED FROM EACH DEPOSITION**

**DEFENDANT'S DEPOSITION TO BE OFFERED**

Plaintiff's Deposition Taken June 19, 2006

| Pg. | Ln. |
|-----|-----|
| 9 | 13 |
| | 20-25 |
| 10 | 1 |
| 15 | 20-23 |
| 22 | 12-25 |

Plaintiff's Deposition Taken April 30, 2007

| Pg. | Ln. |
|-----|-----|
| 9 | 2-16 |
| 16 | 2-25 |
| 17 | 1-7 |
| 32 | 12-24 |
| 42 | 16-25 |

43      1-23

Plaintiff's Deposition Taken February 13, 2009

Pg.     Ln.

17      7-10

19      1-15

25      4-25

26      1-5

30      12-25

31      1-4

52      1-16

53      6-18

55      2-7

57      8-14

## IX.  A CONCISE STATEMENT OF THOSE FACTS WHICH ARE ADMITTED AND WILL REQUIRE NO PROOF AT TRIAL, TOGETHER WITH ANY RESERVATIONS DIRECTED TO SUCH ADMISSIONS

1.      Plaintiff initially commenced his employment with defendant on October 1, 1982  .

2.      Plaintiff held the position of Division Chief and Fire Marshall from 1990 until he was demoted to Fire Inspector I on April 18, 2005.

3.      Plaintiff was suspended from employment on December 27, 2005, based on Chief Stuart McElhaney's recommendation to terminate Plaintiff employment.

4.    Plaintiff resumed his employment on January 4, 2006, following the decision of the County Human Resources director not to terminate Plaintiff's employment.

5.    Plaintiff was assigned to conduct storage tank inspections in January, 2007.

6.    Plaintiff was terminated by Chief Stuart McElhaney effective June 30, 2007.

## X.    A CONCISE STATEMENT OF APPLICABLE PRINCIPLES OF LAW ON WHICH THERE IS AGREEMENT

1.    Defendant is an employer and Plaintiff was an employee within the meaning of the Age Discrimination of Employment Act and the Florida Civil Rights Act of 1992.

2.    The Firefighter's Bill of Rights is applicable to "firefighter's" as defined by Fla. Stat. §112.81(1).

## XI.    A CONCISE STATEMENT OF THOSE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

1.    Was the Plaintiff a firefighter for the purposes of the Firefighter's Bill of Rights in April of 2005?

2.    Did the Defendant fail to comply with the requirements of the Firefighter's Bill of Rights with regard to the April 2005 interrogation of the Plaintiff?

3.    But for his age, would the Plaintiff have been terminated from employment with the Defendant, on June 29, 2007?

4.    Did the Plaintiff sufficiently raise to the Defendant the issue of age discrimination, and retaliation based thereon, prior to filing his charge of discrimination with the EEOC on April 26, 2007?

21

5.    *Did Chief McElhaney, or any other management level personnel with the Defendant's Fire-Rescue Administration, assign Plaintiff to the Tank Inspection Program with the expectation that the program would be eliminated and the Plaintiff laid off as a result? *(With regard to this issue, Plaintiff does not agree that an "expectation" that the program would be eliminated is the only relevant fact. Plaintiff contends that if Plaintiff were assigned to the tank program based on the "hope" or "desire" that the program would be eliminated, this is relevant as well).

6.    Did Chief McElhaney, or any other management level personnel with the Defendant's Fire-Rescue Administration, influence or attempt to influence, the Board of County Commissioner's decision not to renew the tank inspection program?

7.    Why was the Plaintiff assigned to the Tank Inspection Program full-time instead of one of the younger Fire Inspector 1s?

8.    Are the Plaintiff's demotion in April of 2005 and his discipline in January of 2006, discrete employment actions which occurred more than 365 days prior to his claim of age discrimination?

9.    In the event the Plaintiff were to prevail in his ADEA claim, he would be entitled to an award of liquidated damage if the Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

10.    Was the decision to lay the Plaintiff off instead of one of the other Fire Inspector 1s due, at least in part, to his higher salary and benefits?

11.   Was Mr. Lake's substantially higher salary and benefits, compared to the other two Fire Inspector 1s due to his age or some other reason?

12.   Was Mr. Lake subjected to any materially adverse employment action during the one year period prior to April 26, 2007?

## XII.   A CONCISE STATEMENT OF THOSE ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

1.   Does the Firefighter's Bill of Rights provide damages, reinstatement, attorneys' fees and/or back pay as a remedy for violation thereof?

2.   Does the Firefighter's Bill of Rights provide only the equitable remedy of re-interrogation as its relief for violation thereof?

3.   But for his age, would the Plaintiff have been terminated from employment with the Defendant, on June 29, 2007?

4.   Is the Plaintiff's demotion in April of 2005 and his discipline in January of 2006, discrete employment actions which occurred more than 365 days prior to his April 26, 2007, EEOC charge of age discrimination and, therefore, are not in issue with respect to the Plaintiff's age discrimination claim?

5.   Is the Plaintiff barred from recovering compensatory damages and all other non-pecuniary losses if he were to prevail on his ADEA claim?

6.   If the Plaintiff was selected for lay off, instead of one of the other Fire Inspector 1s, because of his substantially higher employment costs, is this a legitimate non-discriminatory reason?

7.   Was the decision to terminate the Plaintiff causally connected to the Plaintiff's Firefighter's Bill of Rights complaints?

8.   If the decision to eliminate the position held by the Plaintiff was made prior to his filing his EEOC charge, can he assert a claim of retaliation based upon the fact that the formal notice of his lay off occurred after the filing of his charge.

## XIII.  A CONCISE STATEMENT OF ANY DISAGREEMENT AS TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE

The parties are not aware of any disagreement as to the application of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

## XIV.  A LIST OF ALL MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

None.

## XV.   THE SIGNATURES OF COUNSEL FOR ALL PARTIES

| | |
|---|---|
| THOMAS & KLINK | BELL, ROPER & KOHLMYER, P.A. |
| Suite 255, Quadrant I | 2707 E. Jefferson Street |
| 4651 Salisbury Road | Orlando, FL 32803 |
| Jacksonville, FL 32256 | (407) 897-5150 (Telephone) |
| (904) 396-2322 (Telephone) | (407) 897-6947 (Facsimile) |
| (904) 296-2341 (Facsimile) | |

| | |
|---|---|
| /s/ Archibald J. Thomas, III | /s/ Michael H. Bowling |
| Archibald J. Thomas, III, Esquire | Michael H. Bowling, Esquire |
| Florida Bar. No. 231657 | Florida Bar No. 0333026 |
| Attorneys for Plaintiff | Attorneys for Defendant |

24